**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSE E. CRUZ, | : | Civil No. 1:26-CV-01483 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Y. MAHALLY, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Before the court is a complaint and an application to proceed *in forma pauperis* filed by Jose Cruz ("Plaintiff"), an inmate currently housed at the State Correctional Institution Mahanoy ("SCI-Mahanoy") in Frackville, Pennsylvania. (Docs. 1, 4.)  The court will grant Plaintiff *in forma pauperis* status, screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismiss the complaint. The court will grant Plaintiff the opportunity to amend his pleading.

### BACKGROUND AND PROCEDURAL HISTORY

On June 1, 2026, the court received and docketed a complaint from Plaintiff naming four defendants: (1) Y. Mahally ("Mahally"), Former Correction's Superintendent Assistant; (2) D. Andruscavage ("Andruscavage"), Mailroom Inspector at SCI-Mahanoy; (3) K.A. John Doe ("K.A."), Mailroom Inspector at SCI-Mahanoy; and (4) Mary Yarish ("Yarish"), Deputy Attorney General.  (Doc. 1, pp. 1–3.)  Plaintiff alleges that on September 4, 2024, he received an

1

unacceptable correspondence form stating that Defendant Andruscavage sent back legal mail from his court due to an invalid court control number. (*Id.*, p. 4.) He then alleges that on September 11, 2026, Defendant K.A. sent back legal mail to the courts. (*Id.*) Plaintiff alleges that on November 1, 2024, the legal mail was a memorandum and order dismissing his lawsuit on August 29, 2024. (*Id.*) Plaintiff alleges that he learned of the dismissal of the case after the sixty-day deadline to appeal the court's decision. Therefore, he was precluded from appealing the court's order dismissing the case. (*Id.*) He alleges that the mailroom could not provide proof that the mail was returned to the court. (*Id.*, p. 5.) Plaintiff alleges that he filed a petition seeking to strike and open the case to appeal, which was denied because no mail was returned to the court. (*Id.*, p. 4.)

Next, Plaintiff alleges that on September 15, 2024, Plaintiff wrote Defendant Mahally requesting to review his copy of body camera footage. (*Id.*, p. 5) Plaintiff alleges that he reviewed the footage and saw that it was altered. (*Id.*) Plaintiff states that he contacted Defendant Mahally so that she could assist in mailing copies of the footage, which Plaintiff considered exculpatory evidence to challenge his underlying criminal conviction, to Plaintiff's power of attorney and the opposing party. (*Id.*) Despite this request, the footage was sent away without further contact with Plaintiff. (*Id.*)

Plaintiff alleges that on October 15, 2024, he requested a phone conference with the Judge and Defendant Yarish, counsel for the defendant in the case, and the motion was denied. (*Id*.) He was informed that the footage at issue above was sent back to Defendant Yarish. (*Id*.) Plaintiff argues that Defendants Mahally and Yarish conspired to deprive him of his constitutionally protected right to access evidence resulting in him losing his criminal appeal and civil lawsuit. (*Id*.)

Based on these alleged facts, Plaintiff alleges that Defendants violated the First, Fifth, and Fourteenth Amendments. (*Id*., p. 6.)

The court will grant Plaintiff's application to proceed *in forma pauperis* and screen the complaint.

## STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp*., 293 F.3d 103, 109–10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party.  *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

**DISCUSSION**

### A. Plaintiff's First and Fourteenth Amendment Claims Will Be Dismissed Without Prejudice.

The crux of Plaintiff's complaint is that all four Defendants have denied him access to the courts resulting in the inability to appeal his criminal and civil actions.  (Doc. 1.)

4

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he underlying cause of action, ... is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415. Regarding the lost remedy, a prisoner must explain how his claims "may no longer be pursued as a result of defendant's actions." *Monroe*, 536 F.3d at 206 n.9.

Plaintiff does not allege that the appeal of the civil action was nonfrivolous. Plaintiff provides no details of the civil action besides the alleged missed deadline. There is no allegation that the court erred in its dismissal of the civil action or that there is any potential success on appeal. Therefore, the court will dismiss the First and Fourteenth Amendment claims associated with the missed appeal deadline in the civil action without prejudice.

Turning to the alleged failure to mail the exculpatory evidence to the individuals Plaintiff requested and the appeal of the criminal action, Plaintiff has not pled that he has no available remedy for the lost claim other than to pursue a

denial of access to the courts claim.  Generally, state criminal convictions allow for multiple opportunities for appeal, including a direct appeal, a petition under the Post Conviction Relief Act ("PCRA"), and a petition for habeas corpus in federal court.  Pa. R. Crim. P. 720; 42 Pa.C.S. § 9542; 42 U.S.C. §2254.  Here, Plaintiff's complaint does not address how the alleged actions of Defendants Mahally and Yarish precluded his ability to seek relief under all three paths of potential redress. (Doc. 1.)  Therefore, the court will dismiss the claims without prejudice.

To the extent Plaintiff's Fourteenth Amendment due process claim is premised on the loss of the mail itself, it, too, cannot succeed.  Unauthorized intentional deprivations of property "[do] not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Plaintiff cannot assert a plausible due process claim here because Pennsylvania law provides him with an adequate state remedy. *See Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act, 42 Pa. C.S. §§ 8541–8546, provides an adequate remedy for willful deprivation of property claim).  In addition, "[t]he Pennsylvania Department of Corrections['] . . . grievance procedure provides an adequate post-deprivation remedy," and this procedure "forecloses [Plaintiff's] due process claim." *Cruz v. SCI-SMR Dietary Servs.*, 566

6

F. App'x 158, 160 (3d Cir. 2014) (per curiam) (citing *Tillman v. Lebanon Cnty. Corr. Fac.*, 221 F.3d 410, 422 (3d Cir. 2000)).  Therefore, the Fourteenth Amendment claim premised on the deprivation of property will be dismissed with prejudice.

### B.  Plaintiff's Fifth Amendment Claim Will Be Dismissed With Prejudice.

Plaintiff also raises a Fifth Amendment due process claim against all Defendants.  (Doc. 1, p. 6.)

The court finds that Plaintiff's Fifth Amendment claim fails as matter of law because the Due Process Clause of the Fifth Amendment is inapplicable to state or county officials such as Defendants.  The Fifth Amendment provides, in pertinent part, that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law[.]"  *See* U.S. Const. amend. V.  The provisions of the Fifth Amendment only concern federal action, not state or private action.  *See, e.g., Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (stating that "[t]he Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law' "); *Nguyen v. U.S. Cath. Conf.*, 719 F.2d 52, 54 (3d Cir. 1983) (stating that "[t]he limitations of the [F]ifth [A]mendment restrict only federal governmental action and not the actions of private entities" (citing *Public Utilities Commission v. Pollak*, 343 U.S. 451, 461

7

(1952)); *Nemeth v. Off. of Clerk of Superior Ct. of New Jersey*, 837 F. App'x 924, 929 n.5 (3d Cir. 2020) (unpublished) (noting that the district court had properly concluded that, because all of the named defendants were state and private officials and entities, the plaintiff could not pursue a Fifth Amendment claim against any of them because the Fifth Amendment's due process clause only "protects against federal governmental actions, not state actions").

Here, Defendants are employees of the Commonwealth of Pennsylvania and not federal employees.  Thus, the court finds that this Fifth Amendment claim fails as a matter of law pursuant to 28 U.S.C. § 1915(e)(2).  As such, the court will dismiss the Fifth Amendment claim with prejudice.

## CONCLUSION

For the above-stated reasons, the court will grant the pending application to proceed *in forma pauperis* and dismiss the complaint.  The First and Fourteenth Amendment claims premised on the denial of access to the courts will be dismissed without prejudice.  Any Fourteenth Amendment claim premised on the deprivation of property will be dismissed with prejudice.  Likewise, the Fifth Amendment claim will be dismissed with prejudice.  The court will grant Plaintiff leave to file an amended complaint to cure the pleading defects set forth above.  Any amended complaint will be titled "Amended Complaint" and filed under the above-captioned case number.

An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 23, 2026